IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRCIT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JEREMY SMITH,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 4:19-cv-03795** |
| **v.** | § | |
| | § | **JURY** |
| **STELA EXPRESS, INC., and** | § | |
| **RICARDO LARIOUS,** | § | |
| **INDIVDUALLY** | | |
| | | |
| *Defendant.* | | |

### PLAINTIFF JEREMY SMITH'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JEREMY SMITH**, hereinafter referred to as Plaintiff, and files this his First Amended Complaint against **STELA EXPRESS**, **INC**. **and RICARDO LARIOUS, INDIVIDUALLY,** hereinafter referred to as Defendants, and in support thereof, for cause of action would respectfully show this Honorable Court as follows:

### I.
### JURISDICTION & VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332, because the amount in controversy as to the Plaintiffs exceeds $75,000.00, exclusive of interest and costs, and because Defendants are incorporated and have their principal places of business in states other than the state in which the named Plaintiffs reside.

2. Plaintiff maintains his principal residence in Houston, Texas, which is located within the Southern District of Texas.

3. Defendant upon information and belief, at all times relevant to this action, Defendant has had minimum contacts within the Houston Division of the Southern District of

Texas such that this venue is fair and reasonable. Defendant has transacted, and is transacting business within the Houston Division of the Southern District of Texas.

4. Defendant Larious is a non- resident of the State of Texas. Therefore there is complete diversity between Plaintiff and Defendants.

5. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c).

## II.
## PARTIES

6. Plaintiff, **JEREMY SMITH,** is a resident citizen of Houston, Harris County, Texas.

7. Defendant, **Stela Express, Inc. i**s a carrier transportation business operating in Fontana, California and has made an appearance in the matter.

8. Defendant, **Ricardo Larious,** is a nonresident of the State of Texas and has made an appearance in the matter.

## III.
## FACTUAL BACKGROUND

9. This case arises from an automobile collision caused by the negligent acts of the Defendants Stela Express, Inc. and Ricardo Larious. Nothing Plaintiff did caused or contributed to this occurrence.

10. On or about January 22, 2018, Plaintiff Jeremy Smith was involved in a serious injury-producing incident near 15900 N. Freeway and Richey in the Flying J Truck Stop in Houston, Texas. Mr. Smith's vehicle was stationary behind the Defendant Stela Express, Inc.'s

freightliner, when suddenly and without warning, the defendant driver Larious backed up, striking the front of Mr. Smith's vehicle and forcefully pushing it back. At the time of the incident, Mr. Smith was outside of his vehicle checking his tires. The force of the crash caused Mr. Smith's foot to be struck, knocking him down and causing injury to his back, neck, shoulder and general body. Due to Defendant's negligent operation of his vehicle, Plaintiff Jeremy Smith suffered permanent and disabling injuries requiring extensive and ongoing medical treatment.

### IV.
### NEGLIGENCE CAUSES OF ACTION
### AGAINST STELA EXPRESS, INC.

11. Defendant Stela Express, Inc. was the owner of the Freightliner driven by Defendant Ricardo Larious. At all times material to this lawsuit, Defendant Ricardo Larious was acting in the course and scope of his employment with Stela Express, Inc.. Consequently, Defendant Stela Express, Inc. is vicariously liable to Plaintiff for the negligent conduct of Defendant Ricardo Larious under the theory of *respondeat superior*.

12. Defendant Stela Express, Inc. was the owner of the truck driven by Defendant Ricardo Larious at the time of the collision in question. Defendant Ricardo Larious was, at the time of the collision in question, an incompetent, reckless, and habitually negligent driver. Defendant Stela Express, Inc. knew or should have known that Defendant Ricardo Larious was an incompetent, reckless, and habitually negligent driver and Stela Express, Inc. was negligent in entrusting Defendant Ricardo Larious with a truck to drive in spite of this knowledge. Defendant Stela Express, Inc.'s negligent conduct was a proximate cause of Plaintiff's injuries and damages.

13. This Defendant's acts and omissions constitute negligence, negligent hiring, negligent training, negligent retention, negligent entrustment, and negligent supervision and other

causes of action to be shown hereinafter at or before the time of trial. Plaintiff would show that the foregoing acts of negligence on the part of the Defendants, either collectively or singularly, caused the injuries and damages suffered by Plaintiff and that same constituted negligence.

## V.
## NEGLIGENCE CAUSES OF ACTION AGAINST RICARDO LARIOUS

14. Plaintiff would further show that Defendant Ricardo Larious was guilty of the following acts of negligence, and that each of such acts and omissions, singularly or in combination with others constituted negligence that proximately caused the collision, damages, and injuries that Plaintiff suffered, to-wit:

a. in failing to maintain a proper lookout;

b. in failing to back with safety in order to avoid the collision ;

c. in failing to maintain proper control of the vehicle;

d. in failing to use the care of a reasonably prudent person in the operation of the vehicle;

e. in failing to control his speed while operating the vehicle;

f. in failing to follow the rules of the road in violation of the

TEXAS TRANSPORTATION CODE §545.415; and

g. in such other ways to be shown at or before the time of trial.

## VI.
## DAMAGES

15. As a result of the negligent acts of Defendants, Plaintiff Jeremy Smith incurred necessary hospital and medical expenses and will continue to incur medical expenses in connection with said injuries for an undetermined length of time in the future.

16. As a direct and proximate result of the negligence of Defendants, Plaintiff Jeremy Smith suffered severe injuries and extreme physical pain, suffering and mental anguish, physical incapacity and in all probability, Plaintiff Jeremy Smith will be forced to endure physical pain, suffering, mental anguish and physical incapacity for an undetermined length of time and probably for the remainder of his life. In the incident made the basis of this suit, Plaintiff Jeremy Smith suffered serious and permanent injuries to his, head, neck, back, arms and general body. As a direct and proximate cause of Defendants' negligent conduct and resulting injuries, Plaintiff Jeremy Smith has been forced to undergo extensive therapy, diagnostic testing and other various types of treatment, to heal his physical, mental and emotional impairments. Plaintiff Jeremy Smith continues to require ongoing medical treatment and in reasonable probability will continue to require medical treatment for the rest of his life.

17. All damages sought by Plaintiff Jeremy Smith include damages that were sustained in the past, and that, in reasonable probability, will be sustained in the future. Plaintiff Jeremy Smith seeks both pre-judgment and post judgment interest as allowed by law, for all costs of Court, and all other relief, both at law and in equity. Therefore, Plaintiff Jeremy Smith will seek to recover all damages allowed by law exceeding $1,000,000.00, including any damages to compensate him for the following:

    a. all necessary medical care expenses in the past;

    b. all necessary medical care expenses that, in reasonable probability, Jeremy Smith will sustain in the future;

    c. physical pain and suffering in the past;

    d. physical pain and suffering that, in reasonable probability, he will sustain in the future;

      e.      mental anguish in the past;

      f.      mental anguish that, in reasonable probability, Jeremy Smith will sustain in the future;

      g.      physical impairment in the past;

      h.      physical impairment that, in reasonable probability, Jeremy Smith will sustain in the future;

      i.      physical disfigurement in the past;

      j.      physical disfigurement that, in reasonable probability, Jeremy Smith will sustain in the future;

      k.      loss of wages and wage earning capacity in the past;

      l.      loss of wages and wage earning capacity, Jeremy Smith will likely sustain in the future; and

      m.      damages to his vehicle including but not limited to the cost of repairs, loss of use, and/or diminished value.

## VII.
## JURY DEMAND

18.    Plaintiff respectfully request and demands a trial by jury.

## VIII.
## PRAYER

19.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein as the law directs, and that upon final hearing, and that Plaintiff have and recover judgment of and from the Defendants exceeding $1,000,000.00 pursuant to the above and foregoing allegations in such amounts as hereinabove set out and as the evidence may

show proper at the time of trial, together with interest thereon at the legal rate, costs of Court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

            Respectfully submitted,

            **Brown & Musslewhite, LLLP**

            */s/ Jeff Musslewhite*
            **Jeff Musslewhite**
            TBN: 24041555
            Jeff@lbjmlaw.com
            Lori L. Brown
            TBN: 00792375
            Lori@lbjmlaw.com
            1776 Yorktown, Suite 450
            Houston, Texas 77056
            Telephone No.: 281-810-8780
            Facsimile No.: 888-599-4190

            *Attorneys for Plaintiff*

Plaintiff Jeremy Smith First Amended Complaint

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been transmitted to all known counsel of record on this the 2nd day of September, 2020, via electronic delivery:

***VIA FACSIMILE to (214) 777-4299 & ECF***
Richard J. Byrne
EKVALL & BYRNE, LLP
4450 Sigma Road, Suite 100
Dallas, Texas 75244
(972) 239-0839 Telephone
(972) 960-9517 Facsimile
rbyrne@ekvallbyrne.com

*Attorney for Defendants*
Stela Express, Inc. and
Ricardo Lariou

                                              */s/ Jeff Musslewhite*
                                              **Jeff Musslewhite**